UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMANDA TOEPPER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-8195 |
| | ) | |
| v. | ) | Hon. Jorge L. Alonso |
| | ) | |
| MEDICREDIT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's motion to dismiss [9] is denied.

## STATEMENT

Plaintiff Amanda Toepper ("Toepper") filed a one-count complaint, in which she alleges that defendant Medicredit, Inc. ("Medicredit") violated the Fair Debt Collection Practices Act ("FDCPA"). Specifically, plaintiff alleges that defendant violated 15 U.S.C. § 1692e(8), which makes the following a violation of the FDCPA: "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, *including the failure to communicate that a disputed debt is disputed*." 15 U.S.C. § 1692e(8) (emphasis added). Plaintiff alleges that defendant violated this section when, after plaintiff notified defendant that "the amount reported is not accurate," defendant reported the debt to Experian without noting that plaintiff disputed the debt.

Defendant now moves to dismiss. Defendant argues that before it reported the debt to Experian, plaintiff filed a Chapter 7 bankruptcy petition in which she listed the debt at issue in this case. On her bankruptcy petition, which plaintiff signed under penalty of perjury, plaintiff listed a $256 debt to Medicredit, Inc. and did not designate that debt as being disputed, contingent or unliquidated. (The Court may take judicial notice of plaintiff's bankruptcy documents, which defendant has attached to its motion to dismiss, because they are public records. *Kimble v. Donahoe*, 511 Fed.Appx. 573, 575 n. 2 (7th Cir. 2013) ("The bankruptcy information is part of public court records and therefore is subject to judicial notice.")). Defendant argues that, because plaintiff took the position in her bankruptcy that the debt was not disputed, she cannot now take the position that the debt is disputed.

The legal principle defendant seeks to invoke (but never names in its motion or briefs) is judicial estoppel. "The doctrine of judicial estoppel prevents litigants from manipulating the judicial system by prevailing in different cases or phases of a case by adopting inconsistent positions." *Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 547 (7th Cir. 2014). Such

"[m]anipulation may occur when a debtor deliberately conceals a contingent or unliquidated claim during bankruptcy proceedings and then later seeks to profit from that claim after obtaining a discharge of her debts." *Spaine*, 756 F.3d at 547 (citing *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006)). It can also occur when a debtor lists as not disputed a creditor's claim and, after obtaining a discharge, files suit to have the creditor's claim declared void. *Stachewicz v. Wells Fargo Home Mortg.*, Case No 12-cv-1459, 2013 WL 501778 at *4 (C.D. Ill. Jan. 15, 2013) (reporting and recommending that claim be dismissed based on judicial estoppel), *report and recommendation adopted*, 2013 WL 489648 (C.D. Ill. Feb. 8, 2013). The equitable doctrine of judicial estoppel is "not appl[ied] . . . for the benefit of the defendant but . . . to protect courts and creditors from deception and manipulation." *Spaine*, 756 F.3d at 547. The Seventh Circuit has explained, "A doctrine that induces debtors to be truthful in their bankruptcy filings will assist creditors in the long run[.]" *Cannon-Stokes*, 453 F.3d at 448.

Judicial estoppel is sometimes treated as an affirmative defense. *See United States ex rel. Long v. GSDMidea City, LLC*, 798 F.3d 265, 274 (5th Cir. 2015) ("[W]here a successful affirmative defense appears on the face of the pleading, we have not hesitated to apply judicial estoppel to dismiss claims under Rules 12(b)(6) or 12(c)."); *Vehicle Market Research, Inc. v. Mitchell Int'l, Inc.*, 767 F.3d 987, 989 (10th Cir. 2014) ("keeping in mind that judicial estoppel is an affirmative defense that its proponent must prove"). The Court need not decide at this point whether judicial estoppel is, technically, an affirmative defense. If it is an affirmative defense, then plaintiff is not required to plead around it, and the Court cannot dismiss on the basis of that affirmative defense unless plaintiff alleged, and thus admitted, the elements of the affirmative defense. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014); *United States Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003). Plaintiff has not done so here.

Even if judicial estoppel is not an affirmative defense, the Court still will not dismiss plaintiff's claim on that basis at this time, because defendant has not established that judicial estoppel applies. In considering whether to apply judicial estoppel, courts consider: (1) whether the party's current position is clearly inconsistent with its prior position; (2) whether the party succeeded in persuading a court to accept her earlier position; and (3) whether the party would derive an unfair advantage if she were not judicially estopped. *See Janusz v. City of Chi.*, 832 F.3d 770, 776 (7th Cir. 2016); *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 795 (7th Cir. 2013). Defendant has not bothered to address these issues in its motion. Thus, defendant has not convinced this Court that it would be equitable to apply judicial estoppel in this case.

      For these reasons, defendant's motion to dismiss [9] is denied.  Defendant remains free to argue judicial estoppel at a subsequent stage of litigation.

SO ORDERED.                                        ENTERED: May 2, 2019

                                                                                         JORGE L. ALONSO
                                                                                        United States District Judge